IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James N. Bryant III, SK6001, ) | C/A No.: 1:13-2665-DCN-SVH |
| ) | |
| Petitioner, ) | DEATH PENALTY CASE |
| ) | |
| vs. ) | |
| ) | ORDER |
| William R. Byars, Director, South ) | |
| Carolina Department of Corrections; and ) | |
| Alan Wilson, Attorney General, State of ) | |
| South Carolina, ) | |
| ) | |
| Respondents. ) | |
| ) | |

On January 8, 2013, Petitioner James Nathaniel Bryant III ("Bryant") filed a motion to stay his execution and to file a petition for habeas corpus pursuant to 28 U.S.C. § 2254. [Entry #1]. On January 14, 2013, the court stayed Bryant's execution [Entry #7] and appointed counsel for him on February 6, 2013 [Entry #11]. On September 27, 2013, counsel for Bryant filed a petition for habeas corpus on his behalf ("Petition") [Entry #14], together with the instant motion to stay and to hold this matter in abeyance pending the exhaustion of claims in state court. [Entry #16]. Respondents filed an opposition to the motion to stay [Entry #20] and Bryant filed a reply. [Entry #25]. This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). After carefully considering the parties submissions, the undersigned grants Bryant's motion to stay.

I.  Background

Bryant was convicted of murder and armed robbery in Horry County, South

Carolina Court of General Sessions, on October 5, 2004, and sentenced to death on October 9, 2004. Following the dismissal of his direct appeal, Bryant filed an application for post-conviction relief ("PCR") pursuant to S.C. Code Ann. § 17-27-160 on August 14, 2007. PCR counsel amended the PCR application on July 9, 2008, and December 17, 2009. The state court denied the PCR application.

Thereafter Bryant filed the instant Petition in which he presents twelve grounds. In his Petition, he acknowledges that Grounds Five, Six, Eight, Nine, and Eleven are unexhausted ("Unexhausted Grounds"). On the same day that counsel filed this Petition, counsel mailed a second PCR with the Unexhausted Grounds ("Second PCR") to the Clerk of Court in Horry County. The Second PCR was filed on October 2, 2013, and remains pending.

II.     Discussion

Bryant argues that his Petition is "mixed" (i.e., containing exhausted and unexhausted claims), and he therefore requests that the court stay this habeas action pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), until the state court rules on his Second PCR. Pursuant to *Rhines*, a federal habeas case may be stayed and held in abeyance "where such a stay would be a proper exercise of discretion." *Id*. at 276. The Supreme Court further stated that in certain instances where a petitioner files a mixed petition, an exercise of such discretion would be proper. *Id*. at 272–73, 276.

Prior to *Rhines* and the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), total exhaustion of state remedies was required prior to the filing of a federal habeas petition, which required all mixed petitions to be dismissed

2

without prejudice. *Rose v. Lundy*, 455 U.S. 509 (1982); *Rhines*, 544 U.S. at 273–74. After the enactment of AEDPA, which included a one-year statute of limitations for the filing of federal habeas petitions under § 2254, the Supreme Court modified the rule regarding mixed petitions in certain limited circumstances. The modification was due to the fact that situations could arise where a mixed petition is timely filed in federal court, but dismissal of the federal habeas petition may result in time-barring the petitioner from returning to federal court after completing his obligation to exhaust all issues in state court. *Rhines*, 544 U.S. at 275. Therefore, the *Rhines* Court held that a district court may in limited circumstances stay a habeas proceeding; however, it is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id*. at 277. Additionally, "even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id*. Accordingly, a stay should be granted where a petitioner demonstrates "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 278.

In support of his motion, Bryant argues that his Petition constitutes a mixed petition and that he satisfies the requirements of *Rhines*. Respondents first dispute that the Petition is a mixed petition. The parties appear to agree that the Unexhausted Grounds were never presented to the state courts. However, Respondents argue that the Petition does not contain any "unexhausted claims" because based on the state court's rules and holdings, Bryant's Second PCR will be dismissed as successive and/or untimely. At this

3

stage of the proceedings and based on the record before it, the court cannot find that the state court remedies are unavailable under the circumstances in this case. Further, the undersigned finds it appropriate to have that determination made by the state court in Bryant's Second PCR. *See, e.g., Staton v. McCall*, C/A No. 5:12-cv-02483-GRA, 2013 WL 3551546, at *4 (D.S.C. July 11, 2013) ("Moreover, with regard to any questions about whether Petitioner is procedurally barred from proceeding in the pending state court proceedings with his claim because of his failure to raise it on direct appeal, the Court finds, as the Magistrate Judge did, that such questions are best resolved there.").

With regard to the *Rhines* factors, Bryant argues that his original PCR counsel was ineffective in failing to raise the Unexhausted Grounds. Under the facts and circumstances of this case, especially cognizant that this is a capital case, the court finds that Bryant has demonstrated good cause. *See, e.g., Williams v. Fahey*, C/A No. 3:09CV769, 2011 WL 2443722, at *4 (E.D. Va. June 14, 2011) ("The Supreme Court's limited comments on what constitutes good cause to warrant stay and abeyance do not indicate that the standard is meant to be inordinately demanding.") (citing *Pace v. Diguglielmo*, 544 U.S. 408, 416 (2005) and *Rhines*, 544 U.S. at 279 (Stevens, J., concurring)).

In opposing Bryant's assertion that his grounds are not plainly meritless and that he is not engaging in dilatory tactics, Respondents reiterate their position that Bryant's Second PCR will be dismissed by the state courts. As stated above, based on the facts and circumstances of this case at this time, the court finds that the state court should make the determination whether Bryant's pending PCR application should be dismissed or

considered on the merits. Therefore, based on the information currently available, the court finds that Bryant's Unexhausted Grounds may be potentially meritorious, and there is no indication that he is engaging in intentionally dilatory litigation tactics.

III.    Conclusion

For the foregoing reasons, the undersigned grants Bryant's motion to stay and will hold this matter in abeyance pending the state court's determination of his Second PCR.

IT IS SO ORDERED.

*/s/ Shiva V. Hodges*

November 22, 2013                           Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge