UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| James N. Bryant, III, | ) | Civil Action No. 1:13-2665-BHH |
| --- | --- | --- |
| Petitioner, | ) | |
| vs. | ) | **Opinion and Order** |
| Bryan P. Stirling, Commissioner, South Carolina Department of Corrections; Warden, Kirkland Correctional Institution, | ) | |
| Respondents. | ) | |

This capital case is before the Court on Commissioner of South Carolina Department of Corrections Bryan P. Stirling's ("Respondent") motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 96.) On March 19, 2019, the Court issued an Opinion and Order granting Petitioner James N. Bryant, III's ("Petitioner") amended petition for writ of habeas corpus as to Grounds One and Two. (ECF No. 94.) Respondent filed the Rule 59(e) motion on April 16, 2019. (ECF No. 96.) Petitioner filed a response in opposition on May 6, 2019. (ECF No. 100.) The matter is ripe for adjudication and the Court now issues the following ruling.

**LEGAL STANDARD**

"In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Wright et al., *Federal Practice and Procedure* § 2810.1, at 124 (2d ed. 1995)). Such a motion is not a vehicle to re-argue issues previously presented or to express mere disagreement with the Court in a pitch to change its mind. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008); *Hutchinson v. Staton*, 994

1

F.2d 1076, 1081–82 (4th Cir. 1993). Rather, the Fourth Circuit has directed that Rule 59(e) relief may only be granted "in very narrow circumstances: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002) (quoting *Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 236 (4th Cir. 1994)).

## **DISCUSSION**

Respondent generally argues that by granting habeas relief as to Grounds One and Two of Petitioner's amended petition, the Court misconstrued the limits of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), because habeas relief is not warranted where reasonable minds could disagree as to the legality of the underlying State court proceedings. (*See* ECF No. 96 at 2.) Respondent contends that the Court employed a set of debatable inferences to justify its grant of habeas relief, and that Rule 59(e) relief is necessary to correct the Court's clear error of law. (*Id.*)

First, Respondent asserts that the Court erred by granting relief, yet failing to identify clearly established United States Supreme Court precedent in contravention of the State court's legal conclusion regarding Juror 342. (*Id.* at 3.) Specifically, Respondent claims that the Court "extend[ed] the rationale of the 'general standard at issue' in order to grant relief." (*Id.* at 4.)

Title 28, Section 2254 states in relevant part that habeas relief may be granted where the State court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

2

Respondent is right to note that the Supreme Court has declined to set aside a State court determination that merely refuses to *extend* a governing legal principle to a new context in which the petitioner claims the legal principle should apply. (*See id.* at 4 (citing *White v. Woodall*, 572 U.S. 415, 426 (2014) (stating the Supreme Court "has never adopted the unreasonable-refusal-to-extend rule" with respect to whether a State court determination violated clearly established Federal law)).) However, Respondent is incorrect to suggest that there need be a Supreme Court ruling involving a factually identical scenario for the Federal law at issue to be deemed "clearly established." *See, e.g., White*, 572 U.S. at 427 ("This is not to say that § 2254(d)(1) requires an 'identical factual pattern before a legal rule must be applied.'" (quoting *Panetti v. Quarterman*, 551 U.S. 930, 943 (2007))); *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003) ("Section 2254(d)(1) permits a federal court to grant habeas relief based on the application of a governing legal principle to a set of facts different from those of the case in which the principle was announced."); *Quinn v. Haynes*, 234 F.3d 837, 844 (4th Cir. 2000) ("[T]he relevant Supreme Court precedent need not be directly on point, but must provide a 'governing legal principle' and articulate specific considerations for lower courts to follow when applying the [relevant] precedent." (citing *Williams v. Taylor*, 529 U.S. 362, 413 (2000)). The governing legal principle at issue is Petitioner's constitutional right to a competent jury, a jury composed of individuals free from physical infirmities that prevent them from hearing and considering witness testimony. (*See* ECF No. 94 at 38.) The Court did not "extend" this principle by applying it to a situation where a functionally deaf juror demonstrably and indubitably missed witness testimony in a capital case. Respondent has not shown that the Court committed a clear error of law and the motion to alter or amend the judgment on this basis is denied.

Second, Respondent asserts that the Court erred by finding that the State court's factual determination regarding Juror 342 was objectively unreasonable, because reasonable minds could differ as to whether Juror 342 was competent. (*See* ECF No. 96 at 5–7.) Respondent argues, "When the cold record in this case is considered as a whole, Juror 342's hearing impairment is debatable in a manner undeserving of habeas corpus relief," and, "Petitioner at all stages failed to establish that Juror 342's hearing did in fact cause her to miss material testimony." (*Id.* at 5.) Moreover, Respondent states that the trial court was in the best position to adjudge Juror 342's competence and contends that this Court failed to afford appropriate deference to that tribunal's factual findings. (*Id.* 7–8.)

To begin, this second line of argument in Respondent's Rule 59(e) motion (*see id.* at 4–8) merely rehashes arguments that the Court already considered and rejected in its March 19, 2019 Order. (*See* ECF No. 94 at 27–35.) Nonetheless, the Court will proceed with the analysis to show that Rule 59(e) relief is not warranted. Title 28, Section 2254 states in relevant part that habeas relief may be granted where the State court's adjudication of a claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). In its March 19, 2019 Order, before explaining the reasoning behind its determination that the State court's factual findings were unreasonable, this Court conducted an extensive review of the trial and PCR record, delineating every instance in which Juror 342's hearing was observed to be deficient, called into question, asserted as a basis for excusal, and investigated by the trial judge. (*See* ECF No. 94 at 10–27.) Based on this review the Court stated, "[E]ven affording the trial judge and the

PCR Court all the appropriate deference, the undersigned concludes that their finding Juror 342 competent for continued jury service in light of her incapacitating hearing impairment was 'sufficiently against the weight of the evidence that it [was] objectively unreasonable.'" (*Id.* at 29 (quoting *Williams v. Stirling*, 914 F.3d 302, 312 (4th Cir. 2019), *as amended* (Feb. 5, 2019)).) The record evidence reveals that Juror 342 gave contradictory answers about whether she missed testimony—saying both "yes" that she missed some, and "no" she had not missed any—concerning both the guilt phase and penalty phase. (*See id.* at 32.) Juror 342 failed the trial judge's makeshift hearing test, admitted that she did not hear the trial judge's question, and revealed that her supposed lip-reading accommodation—which went undiscovered until long after she had already been qualified as "competent"—was unreliable. (*See id.* at 21, 32–33.) Moreover, it was transparently evident to counsel and the trial judge that Juror 342 was having difficulty hearing. (*See id.* at 30–31.) Accordingly, the Court held:

> [I]n light of the evidence presented in the State court proceedings, it was not just incorrect or erroneous, but unreasonable for the PCR Court (1) to find that Juror 342 was appropriately qualified by the trial court, (2) to credit Juror 342's statements that she 'heard all testimony' (ECF No. 69-15 at 47) during the guilty phase without accounting for her statements to the contrary about both the guilt and penalty phases, and (3) to find that Petitioner had not made a sufficient showing that Juror 342's hearing impairment was of a degree to materially impair her ability to receive and consider evidence.

(*Id.* at 35 (citing *Williams*, 914 F.3d at 312).) This holding was based on extensive review and documentation of supporting evidence in the record, and the Court continues to find that the totality of the evidence shows no reasonable observer would deem Juror 342 competent to serve on Petitioner's capital jury. Respondent has not shown that the Court committed a clear error of law and the motion to alter or amend the judgment on this basis is denied.

Third, Respondent argues that the "debatability" of Juror 342's hearing impairment precludes a finding of *Strickland* prejudice on the related ineffective assistance of counsel claim. (ECF No. 96 at 8.) Respondent seeks alteration of the judgment regarding Ground Two of the habeas petition due to the Court's supposed "failure to consider the prejudice prong of Strickland in light of the debatable inference flowing from Juror 342's hearing." (*Id.* at 9.)

The Court's analysis above and in the March 19, 2019 Order has already indicated that, based on the entirety of the record, Juror 342's substantial impairment is beyond reasonable debate and the State court's failure to acknowledge this was objectively unreasonable. (*See* ECF No. 94 at 10–27, 38–46.) With respect to *Strickland* prejudice as it pertains to Ground Two, the Court stated:

> Petitioner bears a heavy burden to demonstrate that counsel's errors deprived him of "a trial whose result is reliable," [*Strickland v. Washington*, 466 U.S. 668, 687 (1984)], but the Court finds that Petitioner has satisfied that burden given trial counsel's inexplicable decision to not only fail to request Juror 342's removal, but to affirmatively argue for her retention. ([*S*]*ee* ECF No. 69-9 at 69–70, 75–76, 80–81.) As explained above, trial counsel's purpose was to ensure that each juror assimilated the defense's evidence in mitigation, along with any diminution of the aggravating evidence the defense was able to achieve through cross-examination. Intentionally leaving a hearing-impaired juror on the panel undermined this purpose, and casts doubt upon the reliability of the result because it weakens confidence that Juror 342 voted in favor of the death penalty as an outworking of her own deliberative choice, rather than simply following the crowd after having understood only insufficient portions of the testimony. Put simply, a competent jury is *fundamental*; allowing an incompetent juror to remain renders the result *fundamentally* unreliable. *See* [*Harrington v. Richter*, 562 U.S. 86, 104 (2011)].

(*Id.* at 49.) Respondent has failed to show that the Court committed a clear error of law in its finding on the prejudice prong of the ineffective assistance of counsel claim regarding Juror 342. Accordingly, the motion to alter or amend the judgment on this basis is denied.

6

## **CONCLUSION**

For the foregoing reasons, Respondent's motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) (ECF No. 96) is DENIED.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

February 12, 2020
Charleston, South Carolina